**O**

1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

13  ALEJANDRO MARTINEZ GONZALEZ,      )   Case No.  2:17-CV-8498 DDP (RAO)
                                      )
14              Petitioner,           )   CR 14-00613 DDP - 1
                                      )
15                                    )
16         v.                         )   **ORDER DENYING PETITIONER'S**
                                      )   **SECTION 2255 MOTION**
17  UNITED STATES OF AMERICA,         )
                                      )   [Dkt. 28]
18              Respondent.           )
19                                    )
20                                    )
21                                    )
22                                    )
23  _____  )
24
25         Presently before the court is Petitioner Alejandro Martinez Gonzalez's Motion to

26  Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Having considered

27  the parties' submissions, the court adopts the following Order.

28

**I. BACKGROUND**

In 2015, pro se petitioner Martinez Gonzalez ("Petitioner") pled guilty to violating 8 U.S.C. § 1326(a),(b)(2).[1] (Dkts. 1, 20.) These code sections penalize the "[r]eentry of removed aliens," *see* 8 U.S.C. § 1326(a), and specify that a non-citizen "whose removal was subsequent to a conviction for commission of an aggravated felony" shall be imprisoned for a maximum term of twenty years, *id.* § (b)(2).

In the plea agreement, Petitioner "admit[ted] that [he] is, in fact, guilty of a violation of 8 U.S.C. § 1326(a) as described in the information, and that he is subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(2)." (Dkt. 13, at 5.) Specifically, the plea agreement sets forth the following factual background:

> On or about August 23, 2007, defendant was convicted of an aggravated felony, namely, Possession of Cocaine for Sale, in violation of California Health and Safety Code Section 11351, a drug trafficking offense for which the sentence imposed exceeded 13 months, in the Superior Court of the State of California . . . .
>
> Defendant was lawfully deported or removed from the United States . . . on or about October 6, 2008. In or about September 2010, defendant knowingly and voluntarily re-entered and thereafter remained in the United States. (*Id.* at 6.)

On the basis of these facts, Petitioner stipulated to a sixteen-level enhancement under the U.S. Sentencing Guidelines ("the Guidelines"). (*Id.* at 7.) The Guidelines recommend such an enhancement if "the defendant was previously deported, or unlawfully remained in the United States" after a felony conviction for "a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A)(i).

---

[1] "Dkt." refers to the docket in the underlying criminal case, No. CR 14-613-DDP, unless otherwise indicated.

As stipulated in the plea agreement, the government recommended that the court "impose a low-end sentence of 37 months imprisonment, followed by a three-year period of supervised release." (Dkt. 22 at 3.) On March 23, 2015, the court sentenced Petitioner to thirty-seven months in prison and three years of supervised release. (Dkt. 26.)

Defendant now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## II. LEGAL STANDARD

Section 2255 allows federal prisoners to file motions to vacate, set aside, or correct a sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## III. DISCUSSION

### A.    Plaintiff's Challenge to His Sentence Enhancement

Petitioner contends that, in light of intervening case law, his conviction under California Health and Safety Code § 11351 no longer serves as the basis for a sixteen-level enhancement under the Guidelines.[2]

For the crime of unlawful reentry, the Guidelines suggest a sentence enhancement of up to sixteen levels if the defendant was previously removed after a felony conviction that is "a drug trafficking offense for which the sentence imposed exceeded 13 months."

---

[2] Although the Guidelines serve only as recommendations, the Ninth Circuit has acknowledged that, "by statute, a sentencing judge's discretion is always framed by the Guidelines." *United States v. Davis*, 825 F.3d 1014, 1026 (9th Cir. 2016). Even when the defendant has entered into a plea agreement "the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines." *Id.* at 1017 (quoting *Freeman v. United States*, 564 U.S. 522, 534 (2011)). Here, the plea agreement also makes clear that the government's recommended sentence is "rooted in the Guidelines." *Id.* at 1027.

3

U.S.S.G. § 2L1.2(b)(1)(A)(i). Here, the question before the court is whether Petitioner's prior conviction under § 11351 counts as a "drug trafficking offense" under the Guidelines.

To challenge the application of the sixteen-level enhancement, Petitioner cites *Mathis v. United States*, 136 S.Ct. 2243 (2016). In *Mathis*, the Supreme Court addressed the question of when a state conviction is deemed a predicate offense under federal law. Specifically, *Mathis* charted a three-step approach for determining whether a state conviction counts as the basis for a federal sentencing enhancement.

First, the court asks whether the state offense is a categorical match with the corresponding federal offense. *See United States v. Murillo-Alvarado*, 876 F.3d 1022, 1026 (9th Cir. 2017). At this stage, the court is limited to an examination of the statutory definitions. *Id*. If the federal offense sweeps more broadly and proscribes more conduct than state law, then the laws are not a categorical match. *Id*.

Second, if no categorical match exists, the court asks whether the state law is divisible. *Id*. Divisibility exists if the state law sets forth various "elements in the alternative, and thereby define[s] multiple crimes." *Mathis*, 136 S.Ct. at 2249. Elements are the "constituent parts of a crime's legal definition." *Id*. at 2248 (quotations omitted). A jury must find the specific element upon which it sustains a conviction beyond a reasonable doubt, and a defendant necessarily admits to this element when pleading guilty. *Id*. By contrast, a statute is indivisible if it lists "alternative means by which a defendant might commit the same crime." *Murillo-Alvarado*, 876 F.3d at 1026. This "elements" versus "means" analysis is dispositive of the divisibility question.[3]

---

[3] If state law is not clear on the issue of divisibility, the court may peek at the record of conviction for the limited purposes of determining whether "a statutory list is of elements or means." *Mathis*, 136 S.Ct. at 2257 n.7.

Only if the law is divisible does the court finally decide whether the conviction is a match to the federal drug trafficking offense under the "modified categorical" approach. *Murillo-Alvarado*, 876 F.3d at 1026. The "modified categorical" approach refers to a fact-bound process by which the court examines judicially noticeable documents in the record of conviction to decide whether the state conviction falls within the ambit of the federal offense: in other words, to determine "what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S.Ct. at 2249.

The Ninth Circuit has already held that § 11351 is not a categorical match with the "drug trafficking offense[s]" referenced in the Guidelines. *Murillo-Alvarado*, 876 F.3d at 1026. This is because the state law criminalizes the possession or purchase of certain substances that are not controlled under federal law. *Id*. Furthermore, the Circuit has concluded that § 11351 is divisible as to its controlled substance requirement. *Id*. at 1027. Therefore, a court may examine documents in the record of conviction to determine whether Petitioner was in fact convicted of a predicate crime involving a controlled substance that also qualifies as a controlled substance under federal law.

As to the nature of the controlled substance, the court finds that Petitioner's record of conviction shows that he necessarily admitted to possessing or purchasing cocaine when he pled guilty to violating § 11351.[4] The abstract of judgment in this case lists "Possess cocain[e] for sale" as the § 11351 violation to which Petitioner pled guilty. (Ex. at 3.) Further, Petitioner's plea form states that he will plead no contest to Count V of the complaint, which is described as a violation of § 11351 for "possession of cocaine." (*Id.* at

---

[4] The judicially noticeable documents of Petitioner's § 11351 conviction are attached to the present order. These filed documents include the felony complaint, abstract of judgment, minute order, and guilty plea form. *See Coronado v. Holder*, 759 F.3d 977, 986 (9th Cir. 2014) ("Where the minute order or other equally reliable document specifies that a defendant pleaded guilty to a particular count of a criminal complaint, the court may consider the facts alleged in the complaint.").

7-8.) This is corroborated by the minute order, which affirms that Petitioner pled no contest to Count V. (*Id.* at 5.) Considered together, these judicially noticeable documents establish that Petitioner's conviction under § 11351 was based on the specific controlled substance of cocaine. It is undisputed that cocaine is a controlled substance under both § 11351 and federal law. Therefore, Petitioner's § 11351 conviction for cocaine may qualify as a federal "drug trafficking offense" under the Guidelines.

The Circuit's decision in *Murillo-Alvarado* left unaddressed, however, whether § 11351 is also indivisible as to its actus reus requirement. *See* 876 F.3d at 1026 n.2. The actus reus requirement refers to § 11351's prohibition, in the disjunctive, of the "possess[ion] for sale or purchases for purposes of sale" of certain controlled substances. Cal. Health & Safety Code § 11351.

In *United States v. Morales-Perez*, 467 F.3d 1219 (9th Cir. 2006), the Ninth Circuit addressed whether a similar statute, California Health and Safety Code § 11351.5, is a categorical match for the federal "drug trafficking offenses" referenced in the Guidelines. Like § 11351, § 11351.5 prohibits the "possession for sale or purchases for purposes of sale" of a controlled substance, specifically cocaine base. In *Morales-Perez*, the panel concluded that the "definition of drug trafficking offense contained within the Sentencing Guidelines encompasses *both* possession and purchase with intent to distribute." 467 F.3d at 1220 (emphasis added). In other words, the laws are a categorical match.

The *Morales-Perez* panel rested its conclusion on the fact that the 2004 version of the Guidelines contains a comment, or "application note," specifying that the definition of "drug trafficking offenses" also includes "attempting[] to commit such offenses." *Id.* at 1221. Applying this expanded definition, the panel held that "the federal crime of *attempted* possession with intent to distribute encompasses the state-defined crime of purchasing cocaine base for purposes of sale." *Id.* at 1222 (emphasis added). For this

reason, the panel ruled that § 11351.5 was a categorical match with the drug trafficking offenses defined in the Guidelines.

Upon review of the 2013 Guidelines in effect at the time of Petitioner's sentencing, the court concludes that *Morales-Perez* compels the same result here. Although absent in more recent versions of the Guidelines, the 2013 Guidelines also contain a comment that broadens the definition of "drug trafficking offense" to include attempted offenses. *See* U.S.S.G. § 2L1.2 cmt. 5 (Nov. 1, 2013). Therefore, the court finds that Petitioner's conviction under § 11351 for the possession or purchase of cocaine for sale counts as a federal "drug trafficking offense." As such, Petitioner's conviction properly served as the basis for his sixteen-level enhancement under the Guidelines.

### A.    Plaintiff's Challenge to Aggravated Felony Designation

Finally, Petitioner appears to assert that his conviction under § 11351 no longer qualifies as an aggravated felony. (Dkt. 28 at 2.) Under 8 U.S.C. § 1326(b)(2), the code provision to which Petitioner pled guilty, an individual is subject to enhanced penalties if his "removal was subsequent to a conviction for commission of an aggravated felony." Whereas the crime of reentry typically carries a maximum sentence of two years, *see* 8 U.S.C. § 1326(a), this code provision increases the statutory maximum to twenty years if Petitioner was removed after an aggravated felony conviction, *see id*. § 1326(b)(2). Because the court sentenced Petitioner to thirty-seven months in prison, it now examines whether his sentence exceeded the statutory maximum.[5]

---

[5] The court notes that the plea agreement in this case contains a waiver of *Descamps*-based challenges to his prior conviction. (Dkt. 13 at 10-11.) Specifically, Petitioner agreed to waive his right to raise "any challenges to the prior aggravated felony conviction stipulated in paragraph 10." (*Id*.) However, as the government has not specifically raised the issue of waiver, and because Petitioner may still challenge his sentence on the grounds that it "exceeds the permissible statutory penalty for the crime or violates the Constitution," *United States v. Bibler*, 495 F.3d 621, 624 (9th 2007), the court proceeds to examine this claim.

7

Under 8 U.S.C. § 1101(a)(43), an aggravated felony is defined to include "a drug trafficking crime," and "an attempt" to commit a drug trafficking crime. *See* 8 U.S.C. §§ 1101(a)(43)(B), 1101(a)(43)(U). Because an aggravated felony may arise from an *attempted* drug trafficking crime, this claim rises or falls with Petitioner's earlier claim under the Guidelines. For the same reasons as articulated above in response to Petitioner's sentencing enhancement challenge, the court concludes that Petitioner's conviction under § 11351 constitutes a "drug trafficking crime" or "an attempt" to commit a drug trafficking crime under 8 U.S.C. § 1101(a)(43). *See also Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir.2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony.").[6] Therefore, the court appropriately deemed Petitioner's § 11351 conviction to be an aggravated felony for sentencing purposes, and the court's thirty-seven-month sentence did not exceed the statutory maximum set forth in 8 U.S.C. § 1326.

## IV. CONCLUSION

For the reasons stated above, Martinez-Gonzalez's § 2255 motion is DENIED.


**IT IS SO ORDERED.**


Dated: April 18, 2018

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

_____

[6] Petitioner cites in passing to *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), and *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Dimaya* held that the definition of a "crime of violence" under federal law, 18 U.S.C. § 16(b), was unconstitutionally vague, *see* 803 F.3d at 1120, while *Johnson* held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague, *see* 135 S.Ct. at 2557. As Petitioner was not sentenced pursuant to any of those code provisions, both cases are inapposite here.

THE SUPERIOR COURT, STATE OF CALIFORNIA
For the County of Santa Barbara
Lompoc Division

THE PEOPLE OF THE STATE OF CALIFORNIA

                        Plaintiff,

vs.


ALEJANDRO GONZALEZ      DOB:04/20/1971
                                 Defendant.

0246303

DA No.    07-04-173707
Court No.  1235785

**FELONY COMPLAINT**

F I L E D
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

APR 1 6 2007

GARY M. BLAIR, Executive Officer
BY _S. CAVAZOS_ (Deputy Clerk)

The undersigned is informed and believes that:

COUNT 1

On or about April 12, 2007, in the County of Santa Barbara, the crime of POSSESSION OF FIREARM BY A FELON, in violation of **PENAL CODE SECTION 12021(a)(1)**, a Felony, was committed by ALEJANDRO GONZALEZ, who did unlawfully own, possess and have custody and control of a firearm, to wit, COBRAY TEC-9 STYLE HANDGUN.


COUNT 2

On or about April 12, 2007, in the County of Santa Barbara, the crime of POSSESSION OF A CONTROLLED SUBSTANCE WITH FIREARM, in violation of **HEALTH & SAFETY CODE SECTION 11370.1(a)**, a Felony, was committed by ALEJANDRO GONZALEZ, who did unlawfully possess COCAINE while armed with a loaded, operable firearm, to wit: COBRAY TEC-9 STYLE HANDGUN.


COUNT 3

On or about April 12, 2007, in the County of Santa Barbara, the crime of SALE/TRANSPORTATION/OFFER TO SELL A CONTROLLED SUBSTANCE, in violation of **HEALTH & SAFETY CODE SECTION 11352(a)**, a Felony, was committed by ALEJANDRO GONZALEZ, who did unlawfully transport, import into the State of California, sell, furnish, administer, and give away, and offer to transport, import into the State of California, sell, furnish, administer, and give away, and attempt to import into the State of California and transport a controlled substance, to wit, COCAINE.


COUNT 4

On or about April 12, 2007, in the County of Santa Barbara, the crime of POSSESSION OF MARIJUANA FOR SALE, in violation of **HEALTH & SAFETY CODE SECTION 11359**, a Felony, was committed by ALEJANDRO GONZALEZ, who did willfully and unlawfully possess for purpose of sale marijuana.

"NOTICE: If convicted of this offense the court must suspend your driving privileges if you are under the age of 21 years. Vehicle Code Section 13202.5."

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT CONSISTS OF 4 COUNT(S).

Executed at Lompoc, California, on April 16, 2007.

*Christie Stanley*

BENJAMIN T. LADINIG
DEPUTY DISTRICT ATTORNEY

Agency: LOPD

| DEFENDANT NAME | SEX | RACE | HGT | WGT | EYES | HAIR | DRIVER'S LICENSE | STS | COURT DATE |
|---|---|---|---|---|---|---|---|---|---|
| Alejandro Gonzalez | M | H | 503 | 160 | BRO | BLK | | IC | 04/16/2007 |

rg

ABSTR___ OF JUDGMENT – PRISON COMMITME___ - DETERMINATE

[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]

CR-290

☒ SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Santa Barbara**
☐ MUNICIPAL BRANCH OR JUDICIAL DISTRICT **Lompoc**

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **Alejandro Gonzalez**      DOB: **04-20-71**

AKA:

CII#: **A09488575**

BOOKING #:                                    ☐ NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT                 ☐ AMENDED ABSTRACT

1235785    -A

-B

-C

-D

F I L E D
SUPERIOR COURT of CALIFORNIA
COUNTY OF SANTA BARBARA

AUG 2 4 2007

GARY M. BLAIR, EXEC. OFFICER
By *Theresia P. McKelvey*
Deputy Clerk

| DATE OF HEARING **08-23-07** | DEPT. NO. **One Lompoc** | JUDGE **James F. Iwasko** |
|---|---|---|
| CLERK **M Kimmy** | REPORTER **S Porterr** | PROBATION NO. OR PROBATION OFFICER |
| COUNSEL FOR PEOPLE **B Ladinig** | | COUNSEL FOR DEFENDANT **G Giordani**    ☒ APPTD |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   ____ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY JURY | COURT | PLEA | TERM (L,M,U) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON-VIOLENT | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE (see reverse) | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YRS. | MOS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A1 | PC | 12021(a)(1) | Possess firearm by felon | 2007 | 08-23-07 | | | X | M | | | | | | | 2 | 0 |
| A5 | HS | 11351 | Possess cocain for sale | 2007 | 08-23-07 | | | X | L | X | | | | | | (2) | (0) |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |
| | | | | | - - | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. INCOMPLETE SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |

6. TOTAL TIME ON ATTACHED PAGES: _____

7. ☐ Additional indeterminate term (see CR-292).

8. TOTAL TIME:  | 2 | 0 |

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.
(Continued on reverse)

Form Adopted by the
Judicial Council of California
CR-290 (Rev. January 1, 1999)

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE**
*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]*

Penal Code
§§ 1213, 1213

PEOPLE OF THE STATE OF CALIFORNIA vs.

DEFENDANT: **Alejandro Gonzalez**

| 1235785 | -A | | -B | | -C | | -D |
|---|---|---|---|---|---|---|---|

9. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a. RESTITUTION FINE of: $400 per PC 1202.4(b) forthwith per PC 2085.5.
   b. RESTITUTION FINE of: $400 per PC 1202.45 suspended unless parole is revoked.
   c. RESTITUTION of: $_____ per PC 1202.4(f) to ☐ victim(s)* ☐ Restitution Fund
      (*List victim name(s) if known and amount breakdown in item 11, below.)
      (1) ☐ Amount to be determined.
      (2) ☐ Interest rate of: __% (not to exceed 10% per PC 1202.4(f)(3)(F)).
   d. ☐ LAB FEE of: $____ for counts: _____ per H&SC 11372.5(a).
   e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
   f. ☐ FINE of $___ per PC 1202.5.

10. TESTING
    a. ☐ AIDS pursuant to     ☐ PC 1202.1     ☐ other (specify):
    b. ☒ DNA pursuant to      ☐ PC 290.2      ☒ other (specify): 296 PC

11. Other orders (specify):
Pre-sent report to be used as post-sent report. Deft's U.S. currency to be forfeited by stipulation - amount $23364.26
Evidence item #28578-011 may be released to family after proper application. Register pursuant to 296.

12. Execution of sentence imposed
    a. ☒ at initial sentencing hearing. 1235785
    b. ☐ at resentencing per decision on appeal.
    c. ☐ after revocation of probation.
    d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
    e. ☐ other (specify):

13. CREDIT FOR TIME SERVED

| CASE NUMBER | | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|---|
| 1235785 | -A | 200 | 134 | 66 | ☒ 4019 / ☐ 2933.1 |
| | -B | | | | ☐ 4019 / ☐ 2933.1 |
| | -C | | | | ☐ 4019 / ☐ 2933.1 |
| | -D | | | | ☐ 4019 / ☐ 2933.1 |

| DATE SENTENCE PRONOUNCED: 08-23-07 | SERVED TIME IN STATE INSTITUTION: ☐ DMH | ☐ CDC | ☐ CRC |
|---|---|---|---|

14. The defendant is remanded to the custody of the sheriff ☒ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.

   To be delivered to ☐ the reception center designated by the director of the California Department of Corrections.
   ☒ other (specify): Reception Center at Wasco, California

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | | DATE |
|---|---|---|
| Theresia P. McKelvey | *Theresia P. McKelvey* | 08-24-07 |

CR-290 (Rev. January 1, 1999)      ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE      Page two

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA – CRIMINAL MINUTE ORDER

People of the State of California vs.
☐ Deft True Name:

Gonzalez, Alejandro

HEARING: Preliminary Hearing Setting
JUDGE: Honorable James F Iwasko  *Huseman*
DISTRICT ATTY: Benjamin Thomas Ladinig
DEFENSE ATTY: Giovanni Giordani

Interpreter_____ sworn: language_____

CHARGES:  1 ) 12021(a)(1) PC F      4 ) 11359 HS F
          2 ) 11370.1(a) HS F
          3 ) 11352(a) HS F

CASE NUMBER: 1235785
DATE:           TIME:           DEPT:
08/23/07        8:30 am         LM1
CLERK: *M Limmy*
REPORTER: *Porter*
CUSTODY STATUS: In Custody  *70,000*
AGENCY:          DATE OF VIOL:     DOB:
PDLM             04/12/07          04/20/71

**Appearances**
☑ Deft present  ☐ Deft not Present ☑ In Custody ☐ With Atty ☑ With PD
☐ By Atty            ☐ By PD            ☐ PD appointed
☐ PD declares conflict  ☐ PD relieved  ☐ CDA appointed ☐ Needs Atty
☐ 977 PC waiver filed  ☐ Defense/PD declares lost contact
☐ 170.6 CCP Judge _____ by ☐ Defense ☐ People
**Arraignment/Pleas**
Filed ☐ Amended Complaint ☐ Amended Information ☐ Information
☑ Deft advised of rights (see reverse) ☐ Deft/Atty waives formal reading and advisement of rights ☐ Defense handed copy of ☐ Comp ☐ Info ☐ Disc
☐ On DA/Court's Motion, Complaint/Information amended:
☑ To add count __5__ viol of __11351 HS__ ☐ count ____ viol of ____
☐ To reduce/replace count(s) ____ to ____
Ct(s) _____ reduced to Misdemeanor per 17b PC
☑ Deft is duly arraigned and pleads: ☐ Not Guilty to Ct(s) ____
☑ No Contest to Ct(s) __1,5__ ☐ Guilty to Ct(s) _____
☐ Denies Prior  ☑ Admits Prior  ☐ Prior ____ Stricken
☐ Refusal ☐ Stricken ☐ Admitted
☐ Special Allegation(s) ☐ Denied ☐ Stricken ☐ Admitted
☑ 2, 3, 4 ☐ Dismissed on Motion of DA/Court in Interest of Justice
(1385 PC) ☐ Dism on Motion of DA/Crt on other grounds
☐ With Harvey waiver ☐ Faretta waiver filed ☐ Arbuckle waiver given/filed
☐ Motion by _____ for ____ ☐ Granted ☐ Denied
☐ Deft waives time for ☐ Arraignment ☐ Prelim ☐ Trial ☐ Sentencing
☐ Time waived for ____ days ☐ Time waived to ____
☐ Deft/People waive Jury Trial ☐ Under submission
**Violation of Probation** ☐ Defense handed copy of Violation of Probation
Report ☐ Deft advised of alleged Violation of Probation and all VP rights
☐ Deft admits viol & waives all VP rights ☐ Deft denies alleged Viol of Prob
☐ Deft found in Violation of Probation ☐ Deft not found in Viol of Probation
**Diversion**
☐ Diversion granted on Ct(s) ____ for ____ months/years, order
incorp. herein ☐ Terminated and criminal proceedings reinstated
☐ Successfully completed ☐ Denied ☐ Reinstated ☐ Violation admitted
**Reporting** ☐ Report/Refer to Probation within ____ hrs/days for:
☐ Pre-Plea Report ☐ SATC Report ☐ OR/BR Report ☐ 1203c Report
☐ Pre-Sentence Rpt ☐ Anger Mgmt ☐ Restitution ☐ SARA assessment
☐ Oral/Written Supplemental ☐ Work Service ☐ Prop 36 assessment
☐ Diversion Report (PC1000) ☐ Referral given to Probation Office in court
**Custody Status** ☐ Remanded to the custody of the Sheriff *for Transport*
☐ Bail set at $ ____ ☐ Cite Release continued *to prison.*
Deft ordered ☐ released ☐ to return ☐ discharged on this case only
☐ Released on OR ☐ OR continued ☐ OR revoked
☐ No further proceedings ☐ Deft allowed ____ completed phone calls
☐ Deft to be dressed out ☐ with property for release ☐ Jury Trial
☐ Deft to be seen by Med. Tech/County Mental Health
☐ Cash Bail ☐ Bail Bond ☐ Continued ☐ Forfeited ☐ Exonerated
☐ Reinstated and Exonerated ☐ Apply to Fine ☐ Reassumed
☐ Upon payment of $ ____ fee by ____
**Warrant** ☐ Ordered per $ ____ ☐ 978.5 PC ☐ 40508a VC
☐ 1203.2 PC $ ____ ☐ No Bail ☐ Held until ____
☐ May be forfeited ☐ May be served at night ☐ Quashed ☐ Released
☐ RECALLED ☐ Warrant remains out ☐ Affidavit/Declaration requested
**Other Orders** ☐ Criminal proceedings suspended ☐ Criminal proceedings
reinstated ☐ Bail/bail stayed pending appeal ☐ Statement of appeal settled
and certified ☑ Deft Sentenced to State Prison, Packet to follow
☐ Referred 1203.03 PC ☐ 4011.6 PC report ☐ 136.2 PC Protective Order
☐ Order to Produce Deft ☐ 730 EC ☐ Faxed to ____
☐ 1368 PC Declared ☐ Dr(s) ____

Comm:

**Probation**                ☐ Unsupervised ☐ Supervised
☐ Probation Granted for ____ mos/yrs, imposition of sentence suspended
☐ Probation Granted for ____ mos/yrs, Deft sentenced to ____ days/mos
Santa Barbara County Jail, suspended for ____ days/mos/yrs
☐ See Probation Order incorporated herein for all Terms and Conditions
☐ Probation Revoked ☐ To Retain Juris. ☐ To Impose/Execute Sentence
☐ Probation Terminated ☐ Prob to term. upon completion of ☐ Jail ☐ Fine
☐ Probation Reinstated ☐ and Modified ☐ Existing terms and conditions
☐ Probation Modified, order incorporated herein ☐ Term stricken
☐ Extended for ____ months/yrs, terminate on ____
☐ Formal modified to Court ☐ Court modified to Formal
☐ Probation shall become unsupervised upon payment of restitution
**Jail**
As to Ct(s) _____ Deft to serve _____ Days
in Santa Barbara County Jail ☐ Credit for time served ☐ Deft granted credit
for ____ actual days time served plus ____ good/work
time credits for a total of ____ days per ☐ 4019PC ☐ 2933.1PC
☐ Deft to report to jail on or before noon/at ____ on ____
☐ SB ☐ SM ☐ Lom ☐ May be served in any penal institution
☐ Jail previously stayed, permanently stayed ☐ Other ____
☐ New remand, Vacate previous Jail report date of ____
☐ Sentence to be served ☐ Consecutive ☐ Concurrent to
case(s) ____
☐ Recommend: ☐ Electronic monitoring ☐ Work Furlough ☐ SWAP
☐ Apply by ____
☐ Deft to report to ____ for booking and release within ____ days
☐ Pay booking fee of $ ____ ☐ Booking fees waived
**Driver's License/Programs**
☐ License suspended ☐ License restricted for ____ days/mos/yrs
☐ Term(s) of restriction ____
☐ No driving during DMV suspension ☐ License Revoked
☐ Petition for Restrict ☐ Granted ☐ Denied ☐ IID required
Deft to attend ☐ 1st Offend-3 mo ☐ 1st Offend-6 mo ☐ 12hr prog ☐ Multi-Off
☐ MADD ☐ Complete by ____ ☐ Re-referred, enroll by ____
**Payments**          ☐ See Probation Order
☐ As to all Counts, Fine ordered of $ ____ by ____
☐ As to Ct(s) ____ Fine ordered of $ ____ by ____
☐ As to Ct(s) ____ Fine ordered of $ ____ by ____
☐ Victim Rest. Fund fine ☐ Diversion Rest. Fee $ ____ by ____
☐ ____ of Fine is suspended ☐ by Jail
☐ May be paid by Comm Service ☐ ____ hrs Comm Serv by ____
☐ Modify fine terms to $ ____ due by ____
☐ Pay administrative fee of $ ____ by ____
☐ Pay $ ____ per month, starting ____ ☑ See Financial Officer
☐ Pay $ ____ today ☐ Next payment due ____
☐ Pay PD/CDA/Atty costs of $ ____ by ____
**CASE ORDERED CONTINUED TO:**
Date:          Time:          Hearing:          Dept:

____
____
____

☐ Vacate date of ____              ☐ Deft must be personally present
☐ Estimated ☐ Trial ☐ Prelim ☐ Hearing Length ____
☐ Commenced ☐ Concluded ☐ In Progress ☐ Continued ☐ Off calendar
☐ Rescheduled by ☐ Court ☐ Party ☐ Last Date for Trial ____
See ☐ reverse side ☐ page two for supplemental minute order

**SENTENCED TO STATE PRISON** *Pre-sent report to be used as post-sent rpt.*
*Deft U.S. currency to be forfeited by stipulation amt $23,364.21*
*Evidence Item #28578-011 may be released to family after proper application.*

SC-3400 (Rev. Sept. 5, 2003) ____ By ____ Deputy Clerk

PEOPLE vs. Gonzalez, Alejandro

☑ Defendant arraigned for judgment, shows no sufficient cause and none appeared to the Court against pronouncement thereof.
☐ Formal arraignment for sentence waived, there being no legal cause why judgment should not now be pronounced,

**DEFENDANT SENTENCED AS FOLLOWS:**
☐ Defendant returned from CRC per 3050/3051 WIC.
☐ Civil Commitment to CRC vacated. ☐ Criminal proceedings reinstated.
☐ Other: _____

**STATE PRISON:**
☑ Defendant sentenced to state prison ☑ pursuant to plea agreement.
☐ Defendant sentenced to indeterminate sentence of _____ as to Count _____
     pursuant to 667(e)(2) PC (3rd strike).
☑ The Court selected the U / M / L base term of ___2___ ☑ years ☐ months as to Count ___1___ which shall be the principal term.
☐ Sentence doubled pursuant to 667(e)(1) PC (2nd strike).
☑ Defendant sentenced to prison for ☐ 1/3 the U / M / L term of ___2___ ☑ years ☐ months on Count ___5___ which shall be served
     ☑ concurrently ☐ consecutively to sentence imposed in Count ___1___ _____
☐ Defendant sentenced to prison for ☐ 1/3 the U / M / L term of _____ ☐ years ☐ months on Count _____ which shall be served
     ☐ concurrently ☐ consecutively to sentence imposed in Count _____ ☐ _____
☐ Defendant sentenced to prison for ☐ 1/3 the U / M / L term of _____ ☐ years ☐ months on Count _____ which shall be served
     ☐ concurrently ☐ consecutively to sentence imposed in Count _____ ☐ _____
☐ Defendant sentenced to state prison for the term of _____ ☐ years ☐ months on the enhancement pursuant to _____
☐ Defendant sentenced to state prison for the term of _____ ☐ years ☐ months on the enhancement pursuant to _____
☐ Defendant sentenced to state prison for the term of _____ ☐ years ☐ months on the enhancement pursuant to _____
☑ Credit time served in County Jail of ___134___ actual days, of ___66___ good/work time days, for total of ___200___ days credit.
☑ Restitution fine of $ ___400___ per 1202.4(b) PC. ☑ Restitution fine of $ ___400___ per 1202.45 PC suspended unless
     parole is revoked.
☐ Lab fee of $ _____ per 11372.5(a) HS. ☐ Drug program Fee of $ _____ per 11372.7(a) HS.
☐ Pay fine pursuant to 1202.5 PC.
☐ Defendant to serve _____ months in any penal institution on case(s): _____
☐ Concurrent to ☐ Count(s) _____ Case # _____
☐ Consecutive to ☐ Count(s) _____ Case # _____
☐ Sentence as to Count(s) _____ stayed pursuant to Section 654 PC.
☑ Total Fixed Term ___2___ _____ ☑ years ☐ months state prison.
☐ Imposition of Sentence Suspended. See Order on Probation for terms and conditions of Probation.
☐ Defendant shall be housed and programmed at the DOC, Division of Juvenile Justice pursuant to Section 1731.5(c) WIC.
☐ Defendant committed to DOC, Division of Juvenile Justice. The term of imprisonment to which the defendant would have been
     sentenced pursuant to Section 1170 PC is _____
☐ Hearing re NDA Petition pursuant to 3001 WIC. Defendant waived formal hearing. The matter submitted on medical reports on file
     of Doctor _____ heretofore appointed, and counsel stipulated that the doctor is a qualified expert
     and if called to testify, would testify per his/her report.
☐ The Court found defendant ☐ is ☐ is not addicted to narcotics or in danger of becoming addicted.
☐ Criminal Proceedings suspended.
☑ Defendant shall submit to testing for ☐ AIDS pursuant to 1202.1 PC ☑ DNA pursuant to 296 PC.
☐ Defendant shall register pursuant to ☐ 290 PC (sex) ☐ 11590 H&S (drugs) ☐ 457.1 PC (arson).
☐ Visitation between defendant and child victim(s) shall be prohibited pursuant to 1202.05 PC.
☑ Defendant remanded to custody of Sheriff to be delivered into custody of the Director of Corrections at:
     ☐ DOC, Division of Juvenile Justice
     ☐ California Rehabilitation Center, Norco, CA
     ☑ California Institute for Men at Wasco, CA
     ☐ California Institute for Women at Chowchilla, CA
☐ Referred to Probation for Post-Sentence report pursuant to 1203(c) PC.
☐ Court retains jurisdiction over victim restitution pursuant to 1202.4(f) PC
☐ Other: _____
_____
_____

GARY M. BLAIR, EXECUTIVE OFFICER          By _____ M. Kimmy _____, Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA<br>*TRIBUNAL SUPERIOR DEL ESTADO DE CALIFONIA, CONDADO DE SANTA BARBARA*<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | *FOR COURT USE ONLY*<br><br>F I L E D<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY OF SANTA BARBARA<br><br>AUG 2 3 2007<br><br>GARY M. BLAIR, EXEC. OFFICER<br>By _____<br>Deputy Clerk |
|---|---|
| PLAINTIFF:     People of the State of California<br>*Demandante:*    *El Pueblo del Estado de California*<br><br>DEFENDANT:<br>*Acusado(a):*  Alejandro Gonzalez | |
| **WAIVER OF CONSTITUTIONAL RIGHTS AND PLEA**<br>*RENUNCIA DE DERECHOS CONSTITUCIONALES Y DECLARACIÓN DE CULPABILIDAD* | CASE NUMBER:<br>*Caso Núm:*<br><br>1235785 |

## PLEA OF GUILTY / NO CONTEST – FELONY
### *DECLARACIÓN DE CULPABILIDAD/ NO LO DISPUTO – DELITO MAYOR*

Defendant withdraws the previously entered plea of not guilty and/or denials of any enhancement(s)/prior conviction(s)/prior prison term(s)/serious felony(ies) and pleads **GUILTY** or **NO CONTEST** and **ADMITS** (if applicable) the enhancement(s) /prior conviction(s) /prior prison term(s)/ serious felony(ies) described below.

*El/La acusado(a) retira su previa declaración de no culpable y/o las negaciones de cualesquiera agravantes, condenas anteriores, reclusiones anteriores en prisión, delitos mayores graves y se declara CULPABLE o NO LO DISPUTO y ADMITE (en su caso) el agravante o los agravantes, la condena o condenas anteriores, reclusión o reclusiones anteriores en la prisión, o delitos mayores graves que se detallan a continuación.*

My attorney in this case is    Giovanni Giordani
*Mi abogado(a) en este caso es*    (print attorney's name)
*(nombre del/de la abogado(a) en letra de molde)*

**put initials in boxes**
**on pages 1-6**

*coloque sus iniciales en los*
*casilleros en las páginas 1-6*

I will plead **GUILTY** / **NO CONTEST** (circle one) to the following Count(s):
List Count(s) and Code Section(s) for the crime(s).
*Yo me declararé CULPABLE/ NO LO DISPUTO (marque uno con un círculo) al/a los siguiente(s) cargo(s):*
*Indique el/los cargo(s) y la(s) Sección(es) del Código que corresponda(n) a ese/esos delito(s)*

1 PC 1203 (a)(1)  Possession of a firearm by Felon

HealthtSafety  1135-1  possession of Cocaine for Sale

**WAIVER OF CONSTITUTIONAL RIGHTS AND PLEA**
*RENUNCIA DE DERECHOS CONSTITUCIONALES Y DECLARACIÓN DE CULPABILIDAD*

I also will ADMIT the following enhancement(s)/prior conviction(s)/prior prison term(s)/
serious felony(ies) **(circle if applicable)**. List name of Court, Court number/date of conviction(s)
and Code section(s).

*También ADMITIRÉ el/los siguiente(s) agravante(s), condena(s) anterior(es)/reclusión(es) anterior(es) en prisión, delito(s)
mayor(es)grave(s) (marque con un círculo si corresponde). Indique el nombre del Tribunal, número del Tribunal, fecha de la(s)
condena(s) y sección(es) del Código.*

_____

_____

I am entering my plea based on a promise or representation made by the District Attorney/Judge **(circle one)**
in this case as follows:

*Me declaro culpable con base en la promesa o representación hecha por el Fiscal/ Juez (marque una con un círculo) de este
caso conforme se explica a continuación:*

I will plead no contest to PC 12021 and
Health and Safety #S 11351 possession of cocaine midterm
both felonies I will receive maximum agreement
2 years on count #1 and 2 years concurrent on Low Term
the possession charge #5 my credits are 134 + 66 = 200

## CONSTITUTIONAL RIGHTS
### DERECHOS CONSTITUCIONALES

I understand that I have the following constitutional rights as to the CHARGES I am pleading guilty/
no contest to as well as any ENHANCEMENTS, PRISON PRIORS, SERIOUS FELONIES or PRIOR
CONVICTIONS I am admitting.

*Entiendo que tengo los siguientes derechos constitucionales con respecto a los CARGOS a los cuales me estoy declarando culpable/ no lo disputo,
así como con respecto a cualesquiera AGRAVANTES, RECLUSIONES ANTERIORES EN LA PRISIÓN, DELITOS MAYORES GRAVES o
CONDENAS ANTERIORES que admito.*

**I understand this right
and I give up this right.**
*Entiendo este derecho y
renuncio a este derecho*

a. The right to be tried by a jury in a speedy, public trial.
   *El derecho a ser juzgado por un jurado en un juicio público y sin demora.* 

b. The right to confront & cross-examine all the witnesses against me.
   *El derecho a confrontar y contrainterrogar a todos los testigos en mi contra.* 

c. The right to remain silent/right against self-incrimination.
   *El derecho a permanecer callado/ el derecho a no auto incriminarme.* 

d. The right to call/subpoena witnesses to Court to testify.
   *El derecho a convocar/citar testigos para declarar en el tribunal.*

# CONSEQUENCES OF MY PLEA OF GUILTY/NO CONTEST
## *CONSECUENCIAS DE MI DECLARACIÓN DE CULPABILIDAD/ NO LO DISPUTO*

I understand that the maximum sentence I can receive as a result of pleading GUILTY / NO CONTEST at this time or in the future is __2__ years, __—__ months in State Prison. I may be fined up to $10,000. I must pay a fine to the State Restitution Fund of not less than $200 and not more than $10,000. I may be ordered to pay restitution to the victim(s) whether I go to prison or I am granted probation. If I am granted probation (up to 5 yrs.) and, in the future, I violate my probation and I am then sent to State Prison, I could receive the maximum sentence stated above.

*Entiendo que la sentencia máxima que puedo recibir como resultado de mi declaración de CULPABILIDAD/ NO LO DISPUTO en este momento o en el futuro es de_____ años, ____ meses en la Prisión Estatal. Se me podría multar hasta $10,000 dólares. Deberé pagar una multa al Fondo Estatal de Restitución no menor de $200 dólares y no mayor de $10,000 dólares. Se me puede ordenar que pague restitución a la(s) víctima(s), ya sea que me envíen a la prisión o que me otorguen la libertad condicional. Si se me otorga la libertad condicional (hasta por 5 años) y en el futuro violo dicha libertad condicional y entonces se me envía a la Prisión Estatal, podría recibir la sentencia máxima indicada anteriormente.*

My attorney has explained to me that other possible consequences of my GUILTY/NO CONTEST plea may be: **(Put your initials in the appropriate boxes.)**
*Mi abogado me ha explicado que otras posibles consecuencias de mi declaración de CULPABILIDAD/ NO LO DISPUTO podrían ser:*
*(Ponga sus iniciales en los casilleros que correspondan).*

☐ a. This is a mandatory state prison sentence.
     *Esta es una sentencia de prisión estatal obligatoria.*

☐ b. I must receive mandatory consecutive sentences.
     *Debo recibir sentencias consecutivas obligatorias.*

☐ c. I will receive a reduced earning of custody credits.
     *Se reducirán los créditos que gane durante mi custodia.*

☐ d. I will receive a prison sentence unless the judge finds this is an unusual case.
     *Recibiré una condena de prisión a menos que el juez determine que éste es un caso inusual.*

☒ e. I must register as an ~~arson/sex~~ or narcotics offender.
     *Debo registrarme como delincuente sexual, de narcóticos o como provocador de incendios.*

☒ f. My license to practice my profession or business may be affected.
     *Podría verse afectada mi licencia para ejercer mi profesión o mi negocio.*

☒ g. I cannot possess a firearm as a convicted felon.
     *No podré poseer un arma de fuego por haber sido condenado de un delito mayor.*

☐ h. A fine of $1,000-$2,000 & a $70 AIDS education fee can be imposed.
     (Health & Saf. Code, § 11350)
     *Se me puede imponer una multa de $1,000 a $2,000 dólares y una cuota de $70 dólares para educación sobre el SIDA (Sección 11350 del Código de Salubridad y Seguridad)*

☐ I. I will lose my driving privilege.
     *Perderé mi privilegio de conducir un vehículo.*

☐ j. I can be committed to the California Youth Authority (under 25 yrs.).
     *Podría ser confinado al "California Youth Authority" (Reclusorio para Menores de 25 años).*

☒ k. My parole or probation can be violated and I can receive additional punishment.
     *Podría ser revocada mi libertad preparatoria ("parole") o mi libertad condicional ("probación") y podría yo recibir castigo adicional.*

☐ l. This is a serious/violent "strike" felony conviction. A strike conviction means I must go to prison if I am convicted of a felony in the future, and it could result in a life sentence.
*Esta es una condena por delito mayor grave o violento llamada "strike". Una condena "strike" significa que debo ir a la prisión si se me condena por un delito mayor en el futuro, y ello podría resultar en una sentencia de cadena perpetua.*

☐ m. This is a serious felony conviction which will add five years to a prison sentence if in the future I am convicted of a serious felony.
*Esta es una condena por delito mayor grave que agregará cinco años a una sentencia de prisión si en el futuro se me condena por un delito mayor grave.*

☐ n. This is a violent felony conviction which will add three years to a prison sentence if in the future I am convicted of a violent felony.
*Esta es una condena por delito mayor violento que agregará tres años a una sentencia de prisión si en el futuro se me condena por un delito mayor violento.*

(AG) o. If I go to prison in this case, this felony conviction will add one year to any future prison sentence I receive.
*Si se me envía a la prisión en este caso, esta condena de delito mayor agregará un año a cualquier sentencia de prisión que recibiera yo en el futuro.*

☐ p. Conviction of Vehicle Code section 14601.2 requires I pay to install an ignition interlock device on any vehicle I own or operate for up to 3 years.
*Una condena conforme a la sección 14601.2 del Código de Vehículos requiere que yo pague por la instalación de un aparato de cerrojo para el arranque en todo vehículo del que yo sea propietario o que yo opere hasta por 3 años.*

If I am not a citizen of the United States, I understand that the law concerning the effect of my conviction of a criminal offense of any kind on my legal status as a non-citizen will change from time to time. I hereby expressly assume that my plea of GUILTY/NO CONTEST in this case will, now or later, result in my deportation, exclusion from admission to readmission to the United States, and denial of naturalization and citizenship.
*Si no soy ciudadano de los Estados Unidos, entiendo que cambiará de vez en cuando la ley concerniente a los efectos que resultarán sobre mi estado legal como no ciudadano por el hecho de haber cometido un delito penal de cualquier tipo. Por el presente doy por hecho expresamente que mi declaración de CULPABLE/ NO LO DISPUTO en este caso, definitivamente resultará, ahora o en el futuro, en mi deportación, exclusión de admisión o readmisión a los Estados Unidos, y la negación de mi naturalización y ciudadanía.*

(AG)

I understand that for a crime with a determinate prison sentence, after I am released from prison, I will be on parole for a maximum of 4 years, including a 3 year parole period with a maximum of 1 year in state prison for each parole violation.
*Entiendo que tratándose de un delito con una sentencia de prisión fija, después de ser puesto en libertad estaré bajo libertad preparatoria ("parole") por un máximo de 4 años, incluyendo un término de 3 años de libertad preparatoria, con un máximo de un año en la prisión estatal por cada violación de mi libertad preparatoria.*

(AG)

I understand that for a crime with an indeterminate life prison sentence (except for a sentence imposed for a "one strike" crime or murder), I can be on parole for a maximum of 7 years, including a 5 year parole term with a maximum of 7 years on parole violations. I understand that for 1st or 2nd degree murder, the parole period is for life.
*Entiendo que por un delito con una sentencia de prisión indeterminada de cadena perpetua (excepto por una sentencia impuesta por un delito u homicidio considerado un "strike"), podría yo estar bajo libertad preparatoria ("parole") por un máximo de 7 años, incluyendo un término de 5 años de libertad preparatoria con un máximo de 7 años por violaciones a dicha libertad preparatoria. Entiendo que por un homicidio de primer o segundo grado, el término de la libertad preparatoria es de por vida.*

☐

I understand that for a sex crime listed as a violent felony in Penal Code section 667.5(c) (except a violation of Penal Code section 289), I can be on parole for a maximum of 7 years with a maximum of 7 years on parole violations.

*Entiendo que por un delito sexual señalado como delito mayor violento en la sección 667.5(c) del Código Penal (excepto una violación de la sección 289 del Código Penal), podría yo estar bajo libertad preparatoria ("parole") por un máximo de 7 años, con un máximo de 7 años por violaciones a dicha libertad preparatoria.*

☐

I understand that for a "one strike" sex crime with a life sentence under Penal Code section 667.61, I can be on parole for a maximum of 14 years with a maximum of 14 years on parole violations.

*Entiendo que por un delito sexual considerado un "strike" con sentencia a cadena perpetua conforme a la sección 667.61 del Código Penal, podría yo estar bajo libertad preparatoria ("parole") por un máximo de 14 años con un máximo de 14 años por violaciones a dicha libertad preparatoria.*

☐

If, as part of my probation, I enter a residential treatment program of any kind, I will waive any custody credits on my probation case I would be entitled to for time spent in the program, including if, in the future, I am sent to prison.

*Si como parte de mi libertad condicional ingreso a un programa de tratamiento residencial de cualquier tipo, renunciaré el derecho de recibir crédito por el tiempo que yo pase en el programa al periodo equivalente de encarcelamiento, si en algún futuro se me condena a cárcel o prisión*

☐

**(Watson Warning)** I understand that being under the influence of alcohol or drugs, or both, impairs my ability to safely operate a motor vehicle. Therefore, it is extremely dangerous to human life to drive while under the influence of alcohol or drugs, or both. If I continue to drive while under the influence of alcohol or drugs, or both, and, as a result of that driving, someone is killed, I can be charged with murder.

*(La Amonestación Watson) Yo entiendo que el estar bajo los efectos de alcohol o drogas, o ambos, degenera la facultad que me permite conducir, con prudencia, un vehículo motorizado. Por lo tanto, le es extremadamente peligroso a la vida humana conducir bajo los efectos de alcohol o drogas, o ambos. Si aún conduzco bajo los efectos de alcohol o drogas, o ambos, y si se mata a alguien porque conduje en tal estado, se me puede inculpar con asesinato.*

☐

**(Arbuckle Waiver)** I understand that I have the right to be sentenced by the Judge who takes my plea of guilty or no contest. I give up my right and agree that sentence may be imposed either by the Judge who accepts this plea or by a different Judge.

*(Renuncia "Arbuckle") Entiendo que tengo el derecho a ser sentenciado por el Juez que acepte mi declaración de culpabilidad o no lo disputo. Renuncio a mi derecho y estoy de acuerdo en que la sentencia sea impuesta, ya sea por el juez que acepte esta declaración, o por un Juez diferente.*

☐

I understand that the legal effect of a no contest plea to any felony offense is the same as that of a guilty plea for all purposes. The plea can be used in any civil proceeding, including any hearing with respect to any forfeiture of any property seized in connection with the investigation giving rise to these charges against me.

*Entiendo que en la práctica el efecto legal de una declaración de no lo disputo a cualquier delito mayor es el mismo que el de una declaración de culpabilidad. La declaración puede ser usada en todo procedimiento civil, incluyendo cualquier audiencia relacionada a la renuncia de cualquier propiedad incautada en relación con la investigación que origina estos cargos en mi contra.*

☐ *AG*

**(Harvey Waiver)** I understand and agree that the sentencing Judge may consider the entire factual background of the case, including any dismissed or stricken charges or allegations or cases, and any charges the District Attorney agrees not to file, when granting probation, ordering restitution or imposing sentence.

*(Renuncia "Harvey") Entiendo y estoy de acuerdo en que, al otorgarme la libertad condicional, ordenarme pagar una restitución o imponerme la sentencia, el Juez que me dicte la sentencia podrá considerar todos los hechos relativos a este caso, incluyendo cualesquiera cargos, alegatos o casos desestimados o retirados, y todos los cargos que el Fiscal decida no entablar.*

☐

I understand that unless I give up the right to appeal, the law allows me to appeal the sentence I receive in this case, as well as the denial of any and all motions made and denied in my case. I waive and give up my right to appeal.

*Entiendo que a menos que renuncie yo al derecho de apelar, la ley me permite presentar una apelación a la sentencia que reciba en este caso y a la negación de cualesquiera pedimentos entablados y denegados en mi caso. Renuncio a y me desisto de mi derecho de apelación.*

☐

I understand that if I am found to be a narcotic addict or in imminent danger of becoming a narcotic addict, I can be sentenced to the California Rehabilitation Center for the same period that I could have been sentenced to State Prison, followed by a parole term of up to 4 years.

*Entiendo que si se determina que soy un adicto a los narcóticos o que estoy en peligro inminente de convertirme en drogadicto, puedo ser sentenciado al Centro de Rehabilitación de California por el mismo período de tiempo al que podría haber sido sentenciado a la Prisión Estatal, seguido de un término de libertad preparatoria (parole) hasta de 4 años.*

☐

I am entering my plea freely and voluntarily, without threats or pressure being made against me or anyone I know. No other promises or representations have been made to me or my attorney other than those appearing on this form.

*Me declaro libre y voluntariamente, sin amenazas ni presiones hechas en mi contra ni en contra de ninguna persona que yo conozca. Ni a mí ni a mi abogado se nos han hecho otras promesas o representaciones, más allá de las que aparecen en este formulario.*

*AG*

I am not under the influence of any drugs, medication, alcohol or any other substance which would impair my judgment. I have had enough time to talk to my lawyer about the case and have told him/her all the facts and circumstances known to me about the case.

*No me encuentro bajo la influencia de ninguna droga, medicamento, bebida alcohólica ni ninguna otra substancia que pudiera disminuir mi juicio. He tenido tiempo suficiente para consultar con mi abogado sobre el caso y le he comunicado todos los hechos y circunstancias del mismo que son de mi conocimiento.*

*AG*

I now plead ~~GUILTY~~ / (NO CONTEST) (circle one) to the charges and ADMIT the enhancements/ prison priors/serious felonies/prior convictions listed on Page 1 based upon the following facts:

*Ahora me declaro CULPABLE/ NO LO DISPUTO (marque una con un círculo) a los cargos y ADMITO los agravantes, encarcelaciones previas en prisión, delitos mayores graves y/o condenas anteriores indicadas en la Página Uno con fundamento en los siguientes hechos:*

*AG*

people v uvas

# DRUG CASES ONLY

## (ÚNICAMENTE PARA CASOS DE DROGAS)

I understand that if am pleading GUILTY/NO CONTEST to violating Health and Safety Code section 11351 or 11352 and either: (1) possessing for sale, selling or offering to sell 14.25 grams or more of a substance containing heroin, or (2) possession for sale, selling or offering to sell heroin and having one or more prior convictions for violating sections 11351 or 11352, I **must** be ordered to pay a fine up to $50,000 unless the sentencing judge finds I would be incapable of paying such a fine. (Health & Saf. Code, § 11352.5.)

*Entiendo que si me estoy declarando CULPABLE/ NO LO DISPUTO de violar la sección 11351 u 11352 del Código de Salubridad y Seguridad y, ya sea: (1)de poseer para la venta, vender u ofrecer para la venta 14.25 gramos o más de una sustancia que contenga heroína, o (2) de poseer para la venta, vender u ofrecer para la venta heroína y habiendo ya incurrido una o más condenas anteriores por la violación de las secciones 11351 u 11352, forzosamente se me debe ordenar pagar una multa hasta de $50,000 dólares, a menos que el juez que dicte la sentencia determine que no tengo la capacidad de pagar dicha multa. ( Sección 11352.5 del Código de Salubridad y Seguridad .)*

I understand that if I am pleading GUILTY/NO CONTEST to violating Health and Safety Code sections 11350 - 11353, 11355, 11359, 11360, or 11361, I can be ordered to pay a fine up to $20,000. (Health & Saf. Code, § 11372.)

*Entiendo que si me declaro CULPABLE/ NO LO DISPUTO a la violación de las secciones 11350 a 11353, 11355, 11359, 11360, u 11361 del Código de Salubridad y Seguridad, se me puede ordenar pagar una multa hasta de $20,000 dólares. (Sección 11372 del Código de Salubridad y Seguridad.)*

I understand that if I am pleading GUILTY/NO CONTEST to violating Health and Safety Code section 11350, 11351, 11351.5, 11352, et seq. I **must** pay a mandatory $50 lab fee and a $150 drug program fee for each separate offense. (Health & Saf. Code, §§ 11372.5 & 11372.7.)

*Entiendo que si me declaro CULPABLE/ NO LO DISPUTO a la violación de las secciones 11350, 11351, 11351.5, 11352 y siguientes del Código de Salubridad y Seguridad, forzosamente tendré que pagar un cuota de laboratorio de $50 dólares y una cuota de $150 dólares para un programa contra las drogas por cada delito individual (Secciones 11372.5 y 11372.7 del Código de Salubridad y Seguridad.)*

I understand that if I am pleading GUILTY/NO CONTEST to violating a Health and Safety Code section listed in Health and Safety Code section 11370.2, or conspiracy to violate any of the sections, it will add three years in prison if in the future I am convicted of one of the felony offenses listed in Health and Safety Code section 11370.2 or conspiracy to violate one of the sections.

*Entiendo que si me declaro CULPABLE/ NO LO DISPUTO a la violación de una de las secciones del Código de Salubridad y Seguridad señaladas en la sección 11370.2 del propio Código de Salubridad y Seguridad, o de conspirar para violar cualesquiera de estas secciones, ello añadirá tres años en la prisión si en el futuro se me condena por cometer uno de los delitos mayores señalados en la sección 11370.2 del Código de Salubridad y Seguridad o de conspirar para violar una de dichas secciones.*

My attorney and the interpreter (if applicable) has gone over this form with me. I have read and understand this form. I understand the pleas and admissions I am entering, the consequences thereof and the constitutional rights I am waiving.

*Mi abogado y mi intérprete (en su caso) han repasado conmigo este formulario. He leído y entiendo este formulario. Entiendo las declaraciones, las admisiones que hago, las consecuencias que las mismasconllevan y los derechos constitucionales a los que renuncio.*

Dated: 8 - 23 - 07

*Fecha*

_____ / Defendant's signature

*Firma del/de la acusado(a)*

## ATTORNEY'S STATEMENT
### DECLARACIÓN DEL ABOGADO

I am the defendant's attorney. I have explained to the defendant all of his/her constitutional rights. I believe he/she understands them and understands that by entering this plea he/she is giving up each of them. I have discussed with the defendant the facts of the case, the elements of the charged crime(s)/enhancement(s)/prison prior(s)/serious felony(ies)/prior conviction(s) and all possible defenses. I have explained the direct and indirect consequences of this plea to the defendant and I am satisfied he/she understands them. I am satisfied the defendant is voluntarily and of his/her own free will seeking to enter this plea. No promises have been made as to the sentence which have not been fully disclosed in his form. I personally went over this document with the defendant. I observed the defendant to read, date and sign this document and place his/her initials in the boxes. I concur in the plea and waiver of constitutional rights by the defendant.

*Soy el/la abogado(a) del/de la acusado(a). Le he explicado al/a la acusado(a) todos sus derechos constitucionales. Considero que los entiende y entiende que al declararse culpable está renunciando a cada uno de ellos. He discutido con el/la acusado(a) los hechos del caso, los elementos del delito o delitos, agravante(s), condena(s) previa(s) a la prisión, delito(s) mayor(es) grave(s), condena(s) anterior(es) que se le imputan y todas las posibles defensas. Le he explicado las consecuencias directas e indirectas de esta declaración y estoy convencido(a) de que las entiende. Estoy convencido(a) de que el/la acusado(a) libre y voluntariamente desea presentar esta declaración. No se ha hecho ninguna promesa en cuanto a la sentencia que no haya sido plenamente revelada en este formulario. He repasado personalmente este documento con el/la acusado(a). Observé al/a la acusado(a) leer, fechar y firmar este documento y colocar sus iniciales en los casilleros. Estoy de acuerdo con la declaración y la renuncia de los derechos constitucionales que hace el/la acusado(a).*

Dated: 8-23-2007
Fecha

_____
**Attorney for the Defendant**
*Abogado(a) del/de la acusado(a)*

## INTERPRETER'S STATEMENT (if applicable)
### DECLARACIÓN DEL INTÉRPRETE (en su caso)

I am a Certified Court Interpreter in the _____ language. I have read the above form to the defendant and observed the defendant place his/her initials in the above boxes and sign this form. The defendant indicated he/she understood the contents of this form.

*Soy un Intérprete Jurídico Certificado en el idioma _____. Le he leído el formulario anterior al/a la acusado(a) y lo(a) he observado colocar sus iniciales en los casilleros que anteceden y firmar este formulario. El/La acusado(a) indicó que entendió el contenido de este formulario.*

Dated: _____
Fecha

_____
**Certified Court Interpreter**
*Intérprete Jurídico Certificado*

The People of the State of California, by and through its attorney, THOMAS W. SNEDDON, JR. District Attorney, concurs in the defendant's plea of GUILTY/NO CONTEST and ADMISSION of the additional allegations.

*El Pueblo del Estado de California, a través de su abogado, THOMAS W. SNEDDON, JR., Fiscal de Distrito, está de acuerdo con la declaración de CULPABLE/NO LO DISPUTO del/de la acusado(a) y su ADMISIÓN de las alegaciones adicionales.*

Dated: 8-23-07
Fecha

_____
**Deputy District Attorney**
*Fiscal de Distrito Adjunto*

# COURT'S FINDING AND ORDER
### DETERMINACIÓN Y RESOLUCIÓN DEL JUEZ

## THE COURT FINDS THAT:
*EL JUEZ DETERMINA QUE:*

1. Defendant and his/her attorney appeared in open court and the defendant entered his/her plea(s) and admission(s).
   *El/La acusado(a) y su abogado(a) se presentaron en pleno tribunal y el/la acusado(a) presentó su(s) declaración(es) y admisión(es).*

2. Defendant understands the nature of the charges(s) and the consequences of his/her plea(s) and admissions(s).
   *El/La acusado(a) entiende la índole del/de los cargo(s) y las consecuencias de su(s) declaración(es) y admisión(es).*

3. Defendant has knowingly, intelligently, and understandingly waived his/her rights as set forth above.
   *El/La acusado(a) renunció a sabiendas, con conocimiento y comprehensión a sus derechos constitucionales específicados anteriormente.*

4. Defendant's waivers of his/her rights, and his/her plea(s) and admissions(s) are free and voluntary.
   *Las renuncias que hace el/la acusado(a) a sus derechos, y su(s) declaración(es) y admisión(es) se han hecho libre y voluntariamente.*

5. There is a factual basis for the plea.
   *Existe una base en los hechos para tal declaración.*

## IT IS ORDERED THAT:
*SE RESUELVE QUE:*

1. Defendant's plea(s) and admissions(s) are accepted (and found guilty on his/her no contest plea pursuant to Penal Code section 1016.)
   *La(s) declaración(es) y admisión(es) del/de la acusado(a) se aceptan (y se le determina culpable con base en su declaración de no lo disputo, con fundamento en la sección 1016 del Código Penal).*

2. Court finds special enhancements/convictions to be true.
   *El Juez determina que los agravantes especiales y/o las condenas son ciertas.*

3. The clerk shall file this document and incorporate it by reference in the minutes of this case.
   *El/La secretario(a) del tribunal archivará este documento y lo incorporará mediante referencia a las minutas de este caso.*

DATED: Aug 23, 2007 _____
FECHA:                     JUDGE OF THE SUPERIOR COURT
                           *JUEZ DEL TRIBUNAL SUPERIOR*